Stevens *v.* Cole.

## ALMON STEVENS *vs.* JOHN M. COLE.

The father of an infant, interested in the estate of a deceased person, having himself no adverse interest therein, may petition the judge of probate, as the next friend of the infant, for leave to sue the administration bond.

A devisee of real estate, having only a contingent estate therein, or a present interest, defeasible upon a condition subsequent, is not entitled to bring an action on the administration bond.

Whether a devisee of real estate is a person interested in the estate of a deceased testator, and entitled as such to bring an action on the administration bond, within the provision of the Rev. Sts. *c.* 70, § 6, *quære.*

THIS was an appeal from a decree of the judge of probate, disallowing the appellant's petition for leave to sue the bond of the appellee, as administrator, with the will annexed, of Stephen Bacon, deceased. The case was submitted to the court upon an agreed statement of facts.

Stephen Bacon, by his will, devised to his grandchild, the appellant, who was now a minor of eleven years of age, a lot of land, " to have the same after he comes of age, to him and his heirs and assigns;" with the further provision, " that, if the said Almon Stevens die under age or without heirs, the real estate devised to the said Almon is to go to the other

grandchildren, devisees in the will, in equal proportions." The use of said real estate was, in the mean time, devised to a son of the testator.

The petition was in the name of Daniel Stevens, describing himself as " the next friend of his minor son, Almon Stevens," one of the devisees under the will of Stephen Bacon, and was. signed by Daniel Stevens alone.

The reasons of appeal, filed by the appellant, by Daniel Stevens, his next friend, were, that the said Cole, administrator as aforesaid, had " neglected to sell, and appropriate to the payment of the debts of the said testator, the property specially set apart. for that purpose, and ordered to be applied in and by said will, and suffered the lands of the devisees of said Stephen Bacon to be sold for the payment of said debts, all which was contrary to the provisions of the will of the said Stephen."

*I. Sumner* and *T. Robinson*, for the appellant. The devise to Almon Stevens vested in him on the death of the testator. *Ballard* v. *Ballard*, 18 Pick. 41; *Cowdin* v. *Perry*, 11 Pick. 503; *Emerson* v. *Cutler*, 14 Pick. 108; *Nash* v. *Cutler*, 16 Pick. 491; *Furness* v. *Fox*, 1 Cush. 134. A minor may sue by his father, as next friend. *Miles* v. *Boyden*, 3 Pick. 213. If a recovery should be had upon the bond, the proceeds would remain in the custody of the law, and be subject to the order of the judge of probate. Rev. Sts. *c.* 70, §§ 10, 11.

*H. L. Dawes*, for the appellee.

Dewey, J. A preliminary objection to the maintaining of this petition was taken as to the form in which the petition appears; it being made by the father of the devisee, as *prochein ami.* Infants must appear in suits at law either by guardian or *prochein ami.* When under guardianship, except in suits against their guardian, such suits are ordinarily brought by them as suing by guardian. At the common law, infants were required to sue by guardian. The statutes of Westm. 1, *c.* 48, and Westm. 2, *c.* 15, authorized infants to institute suits by *prochein ami;* and, whether by guardians or *prochein ami*, it seems formerly to have been done under a special order of the court, admitting the party thus to sue. It seems

now however to be so much a matter of course, that it has been considered as sufficient, if it be recited in the process, that it is thus instituted, by guardian or *prochein ami*, thereto admitted by the court. *Archer* v. *Frowde*, 1 Stra. 304. We have no statute on the subject; but our practice has been to permit the suit, as a matter of course, when a party had no guardian, to be brought by a *prochein ami*, and no evil has resulted from this practice, so far as we know. The name of a *prochein ami* being thus introduced into the process, without any previous order or sanction of the court, the power of supervision, so far as to prevent either an unauthorized use of the name of one as a *prochein ami*, or the improper institution of a suit by a volunteer *prochein ami*, in disregard of the interest of the infant, must of course remain with the court, to be exercised on a motion to stay proceedings, or dismiss the action; and to this extent the court will control the use of the name of a *prochein ami*. The present proceeding is in the probate court, on an application to institute a suit on a probate bond. We perceive no sufficient objection to instituting this petition in the name of a *prochein ami*, the infant having no guardian, and the party whose name appears as *prochein ami* standing in the relation of father to the infant, and with no adverse interest to that of the infant.

The next objection taken to granting to the petitioner authority to institute the suit upon the probate bond, is the want of any such present interest in Almon Stevens, the minor, as devisee under the will of Stephen Bacon, as will authorize him to enforce, through the bond of the administrator with the will annexed, any claim for damages for neglect of duty in the discharge of his office as such administrator. The devise to Almon Stevens is of certain lands, particularly described in the will; and he is " to have the same after he comes of age, to him, his heirs and assigns, for ever;" with the further provision, " that, if the said Almon Stevens die under age, or without heirs, the real estate devised to the said Almon is to go to the other grandchildren, devisees in the will, in equal proportions." It is admitted that Almon Stevens is now only eleven years of age, and the inquiry is, whether

his interest is of such a character, in the lands alleged to have been improperly sold by the administrator, as will authorize any claim on his part, to institute an action against the administrator. From the form of the devise, as above recited, it is quite obvious, that it is entirely uncertain whether the estate can pass to him to be enjoyed as his own. That depends upon his arriving at the age of twenty one years, or having lawful heirs. It is either a contingent estate, or a present interest, defeasible upon a condition subsequent. The cases cited for the petitioner want the contingency attached to this by the limitation over, in case of dying under age or without issue. They show that the devise, taking effect after a previous devise for years or life, will not render it less a vested estate. But where a proviso similar to this is found, as in *Cowdin* v. *Perry,* 11 Pick. 503, it is held, that no certain estate passes by the devise, but the same is at least defeasible, if the devisee should not arrive at the age of twenty one years, and leave no issue.

How, then, can he at this time, be entitled to enforce any claim to this estate, or recover damages of the administrator for maladministration. For aught he can know, the estate in him may wholly fail. But if this action is maintained, and a recovery had against the administrator, the avails of the judgment will be enjoyed by Almon Stevens, to the prejudice of those who may, under the will, come to the possession and ownership of the estate. It was not the intention of the testator that any interest should be vested in Almon Stevens, before the happening of one of the contingencies upon which the estate was given him; the use having been absolutely given to another until he should arrive at the age of twenty one years. Upon this state of the case, the court are of opinion, that the petition is prematurely brought, and that it should be dismissed.

Upon the further question, whether a devisee of real estate is one of the persons within the provision of Rev. Sts. *c.* 70, § 6, and as a party aggrieved might cause the administrator's bond to be sued for his benefit, we express no opinion.

*Petition dismissed.*